USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/11/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
ELIZABETH W. ROBERTS,                                       :
                                        Plaintiff,  :
                                                       :
                         -against-                       :
                                                       :          23-CV-1196 (VEC)
MICHAEL T. ROBERTS, individually, as a                      :
Trustee of the ELIZABETH W. ROBERTS                         :              ORDER
PORTFOLIO GRANTOR TRUST u/a/d June 14,                      :
2013, and as a Trustee of the ELIZABETH W.                  :
ROBERTS CORPORATE GRANTOR TRUST                             :
u/a/d June 14, 2013,                                        :
                                                       :
                                       Defendant. :
------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

      WHEREAS on January 11, 2023, Plaintiff sued Defendant for breach of fiduciary duty in connection with his administration of trusts and their investments and seeks, *inter alia*, an accounting with respect to Defendant's administration of the trusts and management of trust investments, *see* Compl., Dkt. 1-1;

      WHEREAS on March 7, 2023, Defendant moved to dismiss this case on the grounds that, *inter alia*, the Court should abstain from exercising federal jurisdiction under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), in light of parallel state court proceedings in New Jersey, *see* Def. Mem., Dkt. 10;

      WHEREAS if two parallel lawsuits are *in rem* or *quasi in rem*, "the state or federal court having custody of such property has exclusive jurisdiction to proceed," *FDIC v. Four Star Holding Co.*, 178 F.3d 97, 102 (2d Cir. 1999) (quoting *Donovan v. City of Dallas*, 377 U.S. 408, 412 (1964) and citing *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939));

WHEREAS this rule also applies to cases that are "akin to *in rem* or *quasi in rem*," such as those "brought to marshall assets, administer trusts, or liquidate estates," *Double Alpha, Inc. v. Mako Partners, L.P.*, No. 99-CV-11541, 2001 WL 492436, at *2 (S.D.N.Y. May 9, 2001) (citing *Lankenau v. Coggeshall & Hicks*, 350 F.2d 61, 64 (2d Cir. 1965)); *see also Mercer v. Bank of N.Y. Mellon, N.A.*, 609 F. App'x 677, 679–80 (2d Cir. 2015); *Weingarten v. Warren*, 753 F. Supp. 491, 495 (S.D.N.Y. 1990); and

WHEREAS a federal court acquires jurisdiction over the res upon the action's commencement, *Four Star Holding Co.*, 178 F.3d at 102;

IT IS HEREBY ORDERED that not later than **Wednesday, May 24, 2023**, both parties must submit supplemental briefing to the Court, not to exceed three single-spaced pages each, regarding whether the Court has exclusive jurisdiction over this action because it is *in rem*, *quasi in rem*, or sufficiently akin to such an action under the doctrine spawned by *Princess Lida*.

**SO ORDERED.**

Date:  May 11, 2023
       New York, New York

_____
VALERIE CAPRONI
United States District Judge